UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYLE GRANT, individually and on behalf of other persons similarly situated who were employed by WARNER MUSIC GROUP CORP. and ATLANTIC RECORDING CORPORATION,<br><br>                                        Plaintiffs,<br><br>        against<br><br>WARNER MUSIC GROUP CORP., and ATLANTIC RECORDING CORPORATION,<br><br>                                        Defendants. | Case No. 13-CV-4449 (PGG) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' DEMAND FOR A JURY TRIAL

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
LaDonna M. Lusher
Suzanne B. Leeds
111 Broadway, Suite 1403
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
Michael A. Tompkins
Daniel H. Markowitz
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com

PIANKO LAW GROUP, PLLC
Maurice Pianko
55 Broad Street
New York, New York 10004
Tel: (646) 801-9675
mpianko@verismols.com

*Attorneys for Plaintiff and the Putative Collective*

## <u>TABLE OF CONTENTS</u>

**PAGE**

TABLE OF AUTHORITIES… ....................................................................... ………….. iii

PRELIMINARY STATEMENT……………………… ....................................……....…… 1

FACTUAL BACKGROUND……………………………………......................…………… 1

ARGUMENT……………………………………………………......................…..……….. 2

I)   POINT I:  THE COURT HAS DISCRETION TO GRANT THE
REQUESTED RELIEF………....………………….....................……. 2

    A.  FRCP 39(b) ……………………………… .....................…………...…… 3

    B.  FRCP 6(b) …………………………………………….....................…….. 8

II)   POINT II:  FEDERAL POLICY FAVORS TRIAL BY JURY …...........................…….. 9

III)   POINT III: CONSOLIDATION OF THE STATE AND FEDERAL
ACTIONS PROVIDES AN OPPORTUNITY FOR
PLAINTIFFS TO REQUEST A TRIAL BY JURY...................................11

CONCLUSION …………………………….....................................................…………..…….. 7

## <u>TABLE OF AUTHORITIES</u>

**SUPREME COURT CASES**                                                                    **PAGE**

Aetna Insurance Co. v. Kennedy,
      301 U.S. 389 (1937)……………………………………….………..………... 11

Beacon Theatres, Inc. v. Westover,
      359 U.S. 500 (1959)…………………………………………...…..……..… 11

Byrd v. Blue Ride Rural Elec. Coop., Inc.,
      356 U.S. 525 (1958)…………………………………………......…..…... 10

Dimick v. Schiedt,
      293 U.S. 474 (1935)……………………………………………..…….….... 10

Jacob v. City of New York,
      315 U.S. 752 (1942)………………………….……………………………… 10

Lytle v. Household Mfg., Inc.,
494 U.S. 545 (1990)………………………….……………………...………….... 10

Simler v. Conner,
      372 U.S. 221 (1963)…………………………………..……..………..… 10

**OTHER CASES**

Algarin-Torres v. University of Puerto Rico,
      126 F.R.D. 8 (D.P.R. 1989)…………………….……………..…………..…… 4

Board of Education v Aetna Casualty & Surety Co.,
      48 F.R.D. 402 (S.D.N.Y. 1969)………………………….……….………... 8

Britt v. Knight Publishing Co.,
      42 F.R.D. 593(D.S.C. 1967)……………………………………...………….... 3

Cascone v Ortho Pharmaceutical Corp.
      94 F.R.D. 333 (S.D.N.Y. 1982)………………………………………...……… 3

Chemical Bank v, Affiliated FM Insurance Co.,
      1994 U.S. Dist. LEXIS 18469 (S.D.N.Y. 1994)……………………….……….. 7

Cox v. C.H. Masland & Sons, Inc.,
      607 F.2d 138 (5th Cir. Ala. 1979)……………………………....………… 5

Davidson Pipe Co., Inc. v. Laventhol & Horwath,
      125 F.R.D. 363 (S.D.N.Y. 1989)……………………………...…………. 7

Dell'Orfano v. Romano,
    962 F.2d 199 (2d Cir. 1992)……………………………………..………....… 10

Dominic v. Consolidated Edison Co.,
    822 F.2d 1249 (2d Cir. N.Y. 1987)…………………………………..……....… 4

Gargiulo v. Delsole,
    769 F.2d 77 (2d Cir. 1985)……………………………………………….…… 10

Gluckman v. American Airlines,
    1994 U.S. Dist. LEXIS 17967 (S.D.N.Y. Dec. 16, 1994)…………….........…….…..... 11

Gold & Rosenblatt, LLC v. JP Morgan Chase Bank, N.A.,
    2012 U.S. Dist. LEXIS 65192 (S.D.N.Y. May 8, 2012)………………….…….…..... *passim*

Henry v. Warner Music Group Corp.,
    Dkt. No. 13-CV-5031 (PGG)……………………………………..……....…..... 11

Hester Industries, Inc. v, Tyson Foods Inc.,
    160 F.R.D. 15 (N.D.N.Y. 1995)…………………………………..………..…..... 7

Heyman v. Kline,
    456 F.2d 123 (2d Cir. 1972)……………………………………...….…..…..... 10

Hoag v. Cellco P'ship,
    CIVA 3:05CV1185 SRU, 2007 WL 549738 (D. Conn. Feb. 16, 2007)……...…....…... 5-6

Koyen v. Consolidated Edison Co.,
    560 F. Supp. 1161 (S.D.N.Y. 1983)……………………………………..……. 4

Lanau v. Nat'l R.R. Passenger Corp.,
    97 F.R.D. 723 (S.D.N.Y. 1983)……………………………………….….…… 5

Lanza v. Drexel & Co.,
    479 F.2d 1277, 1310 (2d Cir. 1973)……………………………………….…… 12

Liriano v. Hobart Corp.,
    162 F.R.D 453 (S.D.N.Y. 1995)……………………………..……...……….. 5

Mississippi use of Richmond v. Hurst,
    41 F.R.D. 186 (N.D. Miss. 1966) ..………………………………………………… 2

Morrison v. Crown Equipment Corp.,
    1990 U.S. Dist. LEXIS 18482 (E.D.N.Y. Nov. 21, 1990)………………..…………... 5

Noonan v. Cunard S.S. Co.,

375 F.2d 69 (2d Cir. N.Y. 1967)……………………………………….……..…………… 7

Palmer v. Angelica Healthcare Servs. Group,
170 F.R.D. 88 (N.D.N.Y 1997)…………………………………….…….……………... 7

Perelman v. Camp Androscoggin Jr.-Sr., Inc.,
2008 U.S. Dist. LEXIS 4600, at *9-10 (S.D.N.Y. Jan. 22, 2008)…………..….…..…… 6

Raymond v. IBM,
148 F.3d 63, 65 (2d Cir. Vt. 1998)……………………………………...…….…..…… 7-9

Reich v. Great Lakes Collection Bureau,
176 F.R.D. 81 (W.D.N.Y. 1997)………………………………….…..……………… 4

Rosen v. Dick,
639 F.2d 82 (2d Cir. N.Y. 1980)…………………………….…….…....……….....…. 3, 12

Rupolo v. Oshkosh Truck Corp.,
749 F. Supp. 2d 31 (E.D.N.Y. 2010)…………………………….…….…....…....…… 7

Saviano v. Local,
32B-32J, SEIU, 75 Fed. Appx. 58 (2d Cir. N.Y. 2003)…………..….…...…………… 3

Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.,
2007 U.S. Dist. LEXIS 35851, *10 (E.D.N.Y. May 16, 2007)…………….....………2, 8, 9

Tanvir v. Laporte,
169 F.R.D. 292 (S.D.N.Y. 1996)……………………………………...…………… 4

Tray-Wrap, Inc. v. Six L's Packing Co. Inc.,
984 F.2d 65 (2d Cir. 1993) …………………………………………...…….…..... 10

Westchester Day Sch. v. Vill. of Mamaroneck,
504 F.3d 338 (2d Cir. N.Y. 2007)………………………………….…..…...……….. 3

**OTHER AUTHORITIES**

U.S. Const. Amend. VII…………………………………………...……..…..…...10

FRCP 6(b)………………………………………………………………...........8

FRCP 38(b)……………………………………………………………….….........2

FRCP 39(b)……………………………………………………………………….*passim*

9 C. Wright & A. Miller, Federal Practice and Procedure § 2334 (1971)……………………...…4

v

## PRELIMINARY STATEMENT

Named Plaintiff Kyle Grant, for himself and on behalf of a putative class of similarly situated employees (collectively referred to as "Plaintiffs"), by their attorneys Virginia & Ambinder, LLP, Leeds Brown Law, P.C. and Maurice Pianko, Esq., submit this memorandum of law in support of Plaintiffs' Motion to amend the parties' Proposed Civil Case Management Plan and Scheduling Order ("Proposed Scheduling Order") to reflect that this matter will be tried by a jury.   Plaintiffs respectfully submit this expeditious application at the preliminary stages of this litigation, prior to any substantive discovery, and prior to this Court's approval of the Proposed Scheduling Order.   Defendants Warner Music Group Corp. and Atlantic Recording Corporation (collectively "Defendants") will not be prejudiced by any amendment to the Proposed Scheduling Order at this primitive stage.   Accordingly, Plaintiffs respectfully request this Court allow Plaintiffs to amend the Proposed Scheduling Order to reflect a trial by jury.

## FACTUAL BACKGROUND

Plaintiffs are current and former unpaid interns seeking to recover minimum wages and overtime compensation for work they performed on behalf of Defendants.  Plaintiffs commenced this action on June 27, 2013 alleging violations of the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b).  The parties entered into three stipulations, on July 19, 2013, September 12, 2013 and November 1, 2013 respectively, to extend Defendants' time to answer the complaint.  [Dkt. Nos. 9, 13, 16.]  During this time the parties engaged in settlement discussions and met with a private mediator to discuss potential resolution.

On December 2, 2013, the parties submitted a Proposed Scheduling Order in advance of the initial conference held on December 5, 2013.  [See Dkt. No. 20.]  Item No. 2 of the Proposed

Scheduling Order stated that this case is not to be tried to a jury.  [*Id.*]  On December 23, 2013, Defendants filed their answer to Plaintiffs' complaint.

On January 23, 2014, Plaintiffs became aware that the Proposed Scheduling Order did not reflect a jury demand, and immediately sought Defendants' consent to amend the Proposed Scheduling Order.  Plaintiffs explained that it has been their intention, since the inception of this action, to request that this matter be tried by a jury.  Nevertheless, Defendants objected to any application by Plaintiffs to make such an amendment.  The court docket does not reflect any entry where the Proposed Scheduling Order was ever entered or approved by this Court.

## ARGUMENT

## POINT I

## THIS COURT HAS DISCRETION TO GRANT THE REQUESTED RELIEF

Federal Rule of Civil Procedure 38(b) provides that "on any issue triable of right by a jury, a party may demand a jury trial by serving the other parties with a written demand ... no later than 14 days after the last pleading directed to the issue is served."  FRCP 38(b); see also Gold & Rosenblatt, LLC v. JP Morgan Chase Bank, N.A., 2012 U.S. Dist. LEXIS 65192 (S.D.N.Y. May 8, 2012).  In the instant matter, Plaintiffs do not dispute that they did not serve a timely jury demand pursuant to FRCP 38(b), which would have been due on January 6, 2014. Nevertheless, relief from failure to make a timely jury demand may be sought by appealing to the discretion of court under FRCP 39(b) as well as FRCP 6(b).  Shambreskis v. Bridgeport & Port Jefferson Steamboat Co., 2007 U.S. Dist. LEXIS 35851, *10 (E.D.N.Y. May 16, 2007) ("[I]t is appropriate for this Court to consider whether (1) to allow Plaintiff's late jury demand pursuant to FRCP 39(b) or (2) to extend the time for Plaintiff to serve a jury demand pursuant to FRCP 6(b).").

2

A. *FRCP 39(b)*

Rule 39(b) grants district courts discretion, upon motion, to order trial by jury notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right.  Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338 (2d Cir. N.Y. 2007);  Saviano v. Local, 32B-32J, SEIU, 75 Fed. Appx. 58 (2d Cir. N.Y. 2003); FRCP 39(b).  Courts are given broad discretion in their determination.   Cascone v Ortho Pharmaceutical Corp. 94 F.R.D. 333, 339 (S.D.N.Y. 1982) ("Decision to relieve party from waiver of jury trial is subject to broad discretion of district court."); Britt v. Knight Publishing Co., 42 F.R.D. 593, 595 (D.S.C. 1967) (there is no limitation on a judge's discretion to grant a jury trial pursuant to the provisions of Rule 39(b)); Mississippi use of Richmond v. Hurst, 41 F.R.D. 186, 186 (N.D. Miss. 1966) ("court has, under Rule 39(b), broad discretion in relieving a parties or parties from such a waiver.").

The Second Circuit recognizes two main principles embodied by Rule 39: (i) reasonable reliance for a party seeking to invoke the jury trial right; and (ii) adequate notice to the other parties in the action. See Rosen v. Dick, 639 F.2d 82 (2d Cir. N.Y. 1980) ("When applying the Rule and inquiring into reliance and notice, a court should start by measuring the parties' overt acts and their significance under the literal terms of the Rule.").

In accordance with those principles, courts evaluate several factors when considering Rule 39(b) motions.   These factors are: (1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried before a jury.  Tanvir v. Laporte, 169 F.R.D. 292, 294 (S.D.N.Y. 1996) (citing Reliance Electric Co. v. Exxon Capital Corp., 932 F. Supp. 101, 103 (S.D.N.Y. 1996)).

Professors Wright and Miller advocate that "the court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually denied."  9 C. Wright & A. Miller, Federal Practice and Procedure § 2334, at 116 (1971).  The factors in this case weigh strongly in favor of granting Plaintiffs' request.

First, actions brought pursuant to the Fair Labor Standards Act are routinely tried by a jury.  See e.g., Dominic v. Consolidated Edison Co., 822 F.2d 1249 (2d Cir. N.Y. 1987) (appealed from a jury award); Reich v. Great Lakes Collection Bureau, 176 F.R.D. 81 (W.D.N.Y. 1997) (jury trial granted in wage and hour action); Koyen v. Consolidated Edison Co., 560 F. Supp. 1161 (S.D.N.Y. 1983).  The facts of wage and hour actions can be easily understood by a jury and, as such, there is generally no need for an extended list of special instructions.  Algarin-Torres v. University of Puerto Rico, 126 F.R.D. 8, 10-11 (D.P.R. 1989).  The instant matter is a routine wage and hour action involving allegations of unpaid minimum wages and overtime compensation where trial by jury is appropriate.

Second, while Plaintiffs did not demand a jury trial at the inception of this action, the parties did not proceed with substantive litigation on any assumption regarding the fact finder.  This matter was commenced only six months prior to Plaintiffs' request to amend the Proposed Scheduling Order to reflect a jury demand, and there was very little litigation conducted before Plaintiffs made such a request.

Indeed, during the first five months of this litigation, the parties were heavily engaged in settlement discussions and preparing for private mediation.  Once it was determined a resolution could not be reached, the parties submitted the Proposed Scheduling Order on December 2,

4

2013, and Defendants submitted their answer on December 23, 2013.   One month later, Plaintiffs' contacted Defendants and sought their consent to amend the Proposed Scheduling Order to reflect a trial by jury.   There was only a thirty (30) day time span during which Defendants had filed their answer, and when Plaintiffs notified Defendants of their request for a jury trial.   No discovery had taken place, no motions had been filed, and the parties' only appearance was at the initial conference on December 5, 2013.

Third, there can be no claim that Defendants will suffer any undue prejudice from the granting of Plaintiffs' request.   Plaintiffs expeditiously filed their application in the preliminary stages of this litigation, prior to discovery being conducted, and prior to any entry by this Court of the previously submitted Proposed Scheduling Order.   See Cox v. C.H. Masland & Sons, Inc., 607 F.2d 138 (5th Cir. Ala. 1979) (court granted the application for a jury trial noting that "although the request was not timely made, it was made sufficiently early to avoid any disruption to the court, the trial schedule or the parties' preparation."   See also Liriano v. Hobart Corp., 162 F.R.D 453, 456 (S.D.N.Y. 1995) (declining to penalize one party for counsel's untimeliness in the absence of demonstrable prejudice to other party); Lanau v. Nat'l R.R. Passenger Corp., 97 F.R.D. 723, 725 (S.D.N.Y. 1983) (recognizing that "behind all of the procedural rules and regulations lurks a hapless client who bears no responsibility for this dilemma"); Morrison v. Crown Equipment Corp., 1990 U.S. Dist. LEXIS 18482 (E.D.N.Y. Nov. 21, 1990) (same).   Any potential trial of this action would be months, if not years, away and the parties are well within their ability to focus their litigation strategies before that time.   Hoag v. Cellco P'ship, 2007 WL 549738, at *2 (D. Conn. Feb. 16, 2007).   Furthermore, the jury request does not disrupt the Court's schedule or cause any undue delays.

In Gold & Rosenblatt, LLC, supra, the court granted the plaintiffs' motion for a jury trial noting that:  "The case is also in its early stages, with fact discovery having commenced recently and not set to close until July. Defendant was aware of Plaintiff's intention to seek a jury trial within, at most, four weeks of the missed deadline and was therefore on notice that the matter might not proceed as a bench trial."  2012 U.S. Dist. LEXIS 65192 at *4-5.  The court further found that the defendant could not argue that it was prejudiced by proceeding on the assumption that the matter would be decided by a bench trial.

Likewise, although Defendants in the instant matter oppose Plaintiffs' request, in their pre-motion conference letter, they did not even attempt to articulate any prejudice they would suffer if this Court were to grant Plaintiffs' application.  Several courts have noted "that prejudice is often the most important factor in considering whether to allow a late jury demand." Gold & Rosenblatt, LLC, 2012 U.S. Dist. LEXIS 65192 at *5-6 (citing Rupolo v. Oshkosh Truck Corp., 749 F. Supp. 2d 31, 47 (E.D.N.Y. 2010); Perelman v. Camp Androscoggin Jr.-Sr., Inc., 2008 U.S. Dist. LEXIS 4600, at *9-10 (S.D.N.Y. Jan. 22, 2008) ("Where, as here, a party fails to provide any substantiation of how it has done anything differently or how it will be prejudiced, a court may properly grant leave to make an untimely demand.")).  Here, because Defendants cannot cite to any prejudice they would suffer, Plaintiffs' requested relief should be granted.

This Court should disregard any attempt by Defendants to argue that the factors cited above only apply in cases where a state action was removed to federal court, and that absent those circumstances, Plaintiffs must make a showing "beyond mere inadvertence" to justify relief under FRCP 39.  Plaintiffs acknowledge that courts in this circuit have generally followed the holding in Noonan v. Cunard S.S. Co., 375 F.2d 69 (2d Cir. N.Y. 1967) which applies such a stringent standard.  See Rupolo v. Oshkosh Truck Corp., 749 F. Supp. 2d 31 (E.D.N.Y. 2010);

Raymond v. IBM, 148 F.3d 63, 65 (2d Cir. Vt. 1998).   Nevertheless, Plaintiffs respectfully submit that the facts of this case are easily distinguishable.

In Noonan, the plaintiff did not request a jury trial until after the parties had fully completed discovery, a Notice of Issue had been submitted to the court, and six months had lapsed since the initial pleadings were filed.  Id. at 70.  Additionally, the defendant in Noonan vigorously opposed the transfer to the jury trial calendar because only 230 cases were pending on the bench trial calendar as compared with the 1735 cases pending on the jury trial calendar.  Id. Furthermore, throughout *the entire span of the pre-trial proceedings*, the parties had been operating under the assumption that the fact finder would be the judge, a fact that likely affected an already determined trial strategy.  Id.

Courts that follow the holding in Noonan generally do so where late jury demands "seem to be based merely on a change in the litigation strategy." Palmer v. Angelica Healthcare Servs. Group, 170 F.R.D. 88 (N.D.N.Y 1997); Davidson Pipe Co., Inc. v. Laventhol & Horwath, 125 F.R.D. 363, 371 (S.D.N.Y. 1989); Hester Industries, Inc. v, Tyson Foods Inc., 160 F.R.D. 15, 17-18 (N.D.N.Y. 1995); Chemical Bank v, Affiliated FM Insurance Co., 1994 U.S. Dist. LEXIS 18469 *14 (S.D.N.Y. 1994).

Here, none of the facts that led the Noonan court to its determination exist.  When Plaintiffs requested an amendment to reflect a jury trial, no substantive litigation had commenced because the parties had been focused on attempts to settle the matter.  Even to date, very little discovery has taken place, and the Proposed Scheduling Order has not been entered by this Court.  The parties have not been conducting substantive discovery under any assumptions regarding the fact finder, and Defendants have not suffered any prejudice.  Thus, for the reasons stated, this Court should, in the exercise of its discretion, permit and order a trial by jury.

See <u>Board of Education v Aetna Casualty & Surety Co.</u>, 48 F.R.D. 402 (S.D.N.Y. 1969) (it is proper to grant jury trial under Rule 39(b) in absence of showing of prejudice to opposing party).

### B.   *FRCP 6(b)*

Should this Court choose to impose the strict <u>Noonan</u> test under Rule 39(b), an alternative basis for permitting Plaintiffs' request is present under FRCP 6(b), even if the failure to file a jury demand was due only to mere inadvertence.   Rule 6(b)(2) governs the failure to conform to time limits contained in the Federal Rules of Civil Procedure, and provides in pertinent part:

> When by these rules . . . an act is required to be done at or within a specified time, the court for good cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

FRCP 6(b).   <u>See also</u> <u>Shambreskis v. Bridgeport & Port Jefferson Steamboat Co</u>., 2007 U.S. Dist. LEXIS 35851, 16 (E.D.N.Y. May 16, 2007).  Rule 6(b) is applicable to the time constraint imposed by FRCP 38(b) regarding jury demands.   <u>Raymond v. Int'l Bus. Machines Corp.</u>, 148 F.3d 63, 66 (2d Cir. 1998).

In <u>Raymond</u>, the Second Circuit recognized that "mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)."   148 F.3d at 66 (emphasis in original) (<u>citing</u> <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership,</u> 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).   The Court further held that "the requirement in <u>Noonan</u> of a showing '*beyond* mere inadvertence' should not be construed to preclude a district court from granting a Rule 6(b)(2) motion in appropriate circumstance."   <u>Id</u>.   <u>See also</u> <u>Shambreskis</u>, 2007 U.S. Dist. LEXIS 35851, *16-17 (same).   In assessing whether the failure to comply with a time restraint constitutes excusable neglect, courts

examine "the prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." Raymond, 148 F.3d at 66 (citing Pioneer, 507 U.S. at 395).

As explained above, Defendants in the instant matter will not suffer any prejudice if this Court permits Plaintiffs to amend their request for a jury demand.  There was minimal delay from the time Defendants filed their answer on December 23, 2013, and when Plaintiffs sought their consent to request a jury demand one month later.  While it is true that six-months had elapsed since Plaintiffs' initiated this action, the parties spent the first five-months engaged in settlement negotiations and mediation, and no discovery or substantive litigation occurred.  The parties did not submit their Proposed Scheduling Order until December 2, 2013, and the Court has never approved the Order.  Plaintiffs have acted in good faith, and sought Defendants' consent to the amendment prior to making this application.  Accordingly, this Court should grant Plaintiffs' motion.  See Gold & Rosenblatt, LLC, 2012 U.S. Dist. LEXIS 65192 (court granted Plaintiffs' request to serve late jury demand because there was little delay, no suggestion of prejudice to the other party, no suggestion of bad faith, and plaintiff proffered a reason for his failure to meet the Rule 38 deadline); Raymond, 148 F.3d at 66 (district court did not abuse its discretion in granting plaintiffs' Rule 6(b)(2) motion where there was no evidence of bad faith and little indication of any prejudice to defendant).

## POINT II:

## FEDERAL POLICY FAVORES TRIAL BY JURY

This Court should grant Plaintiff's relief in accordance with the federal policy favoring jury trials.  "The jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U.S. 474, 79 L. Ed. 603, 55 S. Ct. 296

9

(1935); Simler v. Conner, 372 U.S. 221, 222, 9 L. Ed. 2d 691, 83 S. Ct. 609 (1963) ("The federal policy favoring jury trials is of historic and continuing strength."). The Seventh Amendment guarantees that "the right to trial by a jury shall be preserved." U.S. Const., amend. VII. The civil jury trial right is "one of the few procedural rights in civil cases that is enshrined in the Constitution," Tray-Wrap, Inc. v. Six L's Packing Co. Inc., 984 F.2d 65, 66 (2d Cir. 1993), and is "a basic and fundamental feature of our system of federal jurisprudence," Jacob v. City of New York, 315 U.S. 752, 752 (1942). This constitutional right underlies "the federal policy favoring jury decisions of disputed fact questions." Byrd v. Blue Ride Rural Elec. Coop., Inc., 356 U.S. 525, 538 (1958); see Dimick v. Schiedt, 293 U.S. 474, 485-86 (1935) (noting that "trial by jury has always been, and still is, generally regarded as the normal and preferable mode of disposing of issues of fact in civil cases at law as well as in criminal cases").

Courts are hesitant to deny the right to a jury. The Second Circuit Court of Appeals has explained that: "The right to a jury trial is too important…for the courts to find a knowing and voluntary relinquishment of the right in a doubtful situation." Heyman v. Kline, 456 F.2d 123, 129 (2d Cir. 1972). This right is so fundamental, in fact, that the appropriate remedy on appeal for a district court's "wrongful denial of a [plaintiff's] right to a jury trial on legal issues" is to "reverse and remand each case in its entirety for a trial before a jury." Lytle v. Household Mfg., Inc., 494 U.S. 545, 552-553 (1990); see, e.g., Tray-Wrap, 984 F.2d at 65 (reversing and remanding for a new trial); Dell'Orfano v. Romano, 962 F.2d 199, 202 (2d Cir. 1992) (same); Gargiulo v. Delsole, 769 F.2d 77, 79 (2d Cir. 1985) (same). Therefore, Courts will narrowly construe any waiver of this right and will indulge in every reasonable presumption against waiver. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1959); Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S. Ct. 809, 81 L. Ed. 1177 (1937).

Here, Plaintiffs have made an expeditious request that the Proposed Scheduling Order in this case be amended to reflect that this case will be tried by a jury.  No prejudice will result from granting a jury trial at this early stage in the proceedings, and because the Court has not entered the Proposed Scheduling Order, there will be no disruption to the Court's schedule. Therefore, it is appropriate for the Court to grant Plaintiff's relief.

### POINT III:

### CONSOLIDATION OF THE STATE AND FEDERAL ACTIONS PROVIDES AN OPPORTUNITY FOR PLAINTIFFS TO REQUEST A TRIAL BY JURY

On March 24, 2014, this Court denied a Motion to Remand a similar action, titled Henry v. Warner Music Group Corp., Dkt. No. 13-CV-5031 (PGG), back to New York State Court where it was originally filed.  Id. at Dkt. No. 16.  The Henry action involves unpaid interns who performed work for Defendants as far back as June 2007, and who are seeking unpaid minimum wages and overtime compensation under New York Labor Law.  Defendants removed the Henry action to this Court, and the parties have agreed to consolidate the Henry action with the instant action.

The consolidation of the two matters requires Plaintiffs to file an amended complaint where Plaintiffs will set forth causes of action under New York Labor Law, as well as allegations that the consolidated matters should proceed as a class action under FRCP 23.  Plaintiffs respectfully submit that the filing of the amended complaint raising these new issues allows them to make a jury demand in their amended pleading.[1]

Courts in this circuit have held that a plaintiffs' waiver of a jury trial applies only to issues raised in the original complaint, and if leave to amend the complaint is granted, plaintiff

---

[1] Plaintiffs did not raise this argument in their pre-motion conference letter because this Court had not rendered a decision on Plaintiffs' Motion to Remand at the time the letter was submitted.  During a meet and confer regarding consolidation of the Henry and Grant matters, Plaintiffs advised Defendants they would be making this argument in a good-faith attempt to give Defendants sufficient notice and the opportunity to respond in their opposition papers.

maintains the right to make a jury demand with respect to this claim so long as it involves a "new issue." <u>Gluckman v. American Airlines</u>, 1994 U.S. Dist. LEXIS 17967 (S.D.N.Y. Dec. 16, 1994); <u>Rosen v. Dick</u>, 639 F.2d 82, 94 (2d Cir. 1980); <u>Lanza v. Drexel & Co.</u>, 479 F.2d 1277, 1310 (2d Cir. 1973).  The Second Circuit has interpreted new issues to mean "something more than the evidence offered and the legal theories pursued, although these are the pertinent factors." <u>Lastra v. Weil, Gotshal & Manges LLP</u>, 2005 U.S. Dist. LEXIS 3630 (S.D.N.Y. Mar. 7, 2005) (<u>citing</u> <u>Rosen,</u> 639 F.2d at 94).

Here, Plaintiffs will amend their complaint to add causes of action under New York Labor Law, and allegations that this matter satisfies the requirements for class certification under Rule 23.  The putative class will also be amended to include unpaid interns as far back as June 2007.  Plaintiffs respectfully submit that the addition of these new allegations and new parties entitles them to make a jury demand in their amended pleading.[2]

## CONCLUSION

Based on the foregoing, Plaintiff's respectfully request this Court grant its application to amend the Proposed Scheduling Order to reflect this case is to be tried by a jury along with such further relief it deems necessary.

Dated: New York, New York
      April 24, 2014

                    VIRGINIA & AMBINDER, LLP
                    _____/s/_____
                    Lloyd Ambinder
                    LaDonna M. Lusher
                    Suzanne Leeds Klein
                    111 Broadway, Suite 1403
                    New York, New York 10006
                    Tel: (212) 943-9080

---

[2] Plaintiffs acknowledge that the complaint in the <u>Henry</u> action did not contain a jury demand, however, the case was initially filed in New York state court, which does not require a jury demand until substantially later in the case. See <u>Gold & Rosenblatt, LLC</u> v., 2012 U.S. Dist. LEXIS 65192 at *3 (<u>citing</u> N.Y. C.P.L.R. § 4102(a); <u>Rupolo</u>, 749 F. Supp. 2d at 49)).

*and*

LEEDS BROWN LAW, P.C.

Jeffrey K. Brown, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel:  (516) 873-9550
Fax: (516) 747-5024

*Attorneys for Plaintiffs and Putative Class*

To:    Lyle S. Zuckerman (via ECF)
       Michael J. Goettig (via (ECF)
       VEDDER PRICE P.C.
       1833 Broadway, 47th Floor
       New York, New York  10019