UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KYLE GRANT, individually and on behalf of other persons similarly situated who were employed by WARNER MUSIC GROUP CORP. and ATLANTIC RECORDING CORPORATION,

                Plaintiff,

-against-

WARNER MUSIC GROUP CORP. and ATLANTIC RECORDING CORPORATION,

                Defendants.

Case No. 13-cv-4449 (PGG)

---

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S DEMAND FOR A JURY TRIAL

 

**VEDDER PRICE P.C.**
Laura Sack
Lyle S. Zuckerman
Michael Goettig
1633 Broadway, 47th Floor
New York, New York 10019
(212) 407-7700
*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY............................................................................................................ 2

    A.    *Grant v. Warner Music Group et al*........................................................................ 2

    B.    *Henry v. Warner Music Group et al* ..................................................................... 4

ARGUMENT ................................................................................................................... 5

POINT ONE    THE COURT'S VERY LIMITED DISCRETION DOES NOT PERMIT IT TO RELIEVE PLAINTIFF OF THE EFFECTS OF HIS WAIVER.................................................................................................................. 5

POINT TWO    PLAINTIFF HAS PROVIDED THIS COURT WITH NO BASIS TO EXERCISE ITS LIMITED DISCRETION ....................................................... 8

    A.    Plaintiff's Own Affirmative Acts Preclude Granting His Motion ......................... 8

    B.    The Higgins Factors Are Not Applicable, Nor Could Plaintiff Satisfy Them ..................................................................................................................... 11

POINT THREE    LIMITED CONSOLIDATION OF THIS MATTER WITH THE HENRY ACTION DOES NOT ENTITLE PLAINTIFF TO UNDO HIS WAIVER ....................................................................................................... 13

    A.    The Parties Have Not Agreed to Consolidate for Any Purpose Other Than Discovery ..................................................................................................... 13

    B.    Henry Did Not Demand a Jury Trial.................................................................... 14

    C.    Consolidation Does Not Present New Issues....................................................... 15

CONCLUSION ............................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Algarin-Torres v. Univ. of Puerto Rico*, 126 F.R.D. 8 (D.P.R. 1989) ............................................ 6

*Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184 (S.D.N.Y. 2003)..................... 15

*Britt v. Knight Publishing Co.*, 42 F.R.D. 593 (D.S.C. 1967) ......................................................... 6

*Byrd v. City of New York*, 75 F. Supp. 2d 232 (S.D.N.Y. 1999)..................................................... 8

*Casa Editrice Bonechi, S.R.L. v. Irving Weisdorf & Co.*,
   No. 95 Civ. 4008, 1998 U.S. Dist. LEXIS 9269 (S.D.N.Y. June 24, 1998)............................. 12

*Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir. 1983)......................... 6, 7, 12, 14

*Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir. 1979)................................................... 6

*Dominic v. Consol. Edison Co.*, 822 F.2d 1249 (2d Cir. 1987)...................................................... 12

*Fraticelli v. MSG Holdings, L.P.*, No. 13-6518 (S.D.N.Y.) ............................................................ 9

*Gold & Rosenblatt, LLC v. JPMorgan Chase Bank, N.A.*,
   12 Civ. 192, 2012 U.S. Dist. LEXIS 65192 (S.D.N.Y. May 8, 2012)........................................ 6

*Henry v. Chung King Studios, NYC, Inc.*, No. 13 Civ. 4447 (S.D.N.Y.)...................................... 11

*Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975) .................................................................. 11

*Hoag v. Cellco P'ship*, 05 Civ. 1185, 2007 WL 549738 (D. Conn. Feb. 16, 2007)....................... 6

*In re Paine-Webber Ltd. P'ships Litig.*, 147 F.3d 132 (2d Cir. 1998)........................................... 8

*Koyen v. Consol. Edison Co.*, 560 F. Supp. 1161 (S.D.N.Y. 1983) ............................................. 12

*Landau v. Nat'l R. Passenger Corp.*, 97 F.R.D. 723 (S.D.N.Y. 1983)....................................... 6, 7

*Liriano v. Hobart Corp.*, 162 F.R.D. 453 (S.D.N.Y. 1995)........................................................ 6, 7

*Mississippi v. Hurst*, 41 F.R.D. 186 (N.D. Miss. 1966)................................................................. 6

*Moreno v. Sony Corp.*, No. 13-5708 (S.D.N.Y.) ........................................................................... 9

Case 1:13-cv-04449-PGG   Document 54   Filed 05/16/14   Page 4 of 20

*Morrison v. Crown Equip. Corp.*,
  No. 89 Civ. 1858, 1990 U.S. Dist. LEXIS 18482 (E.D.N.Y. Nov. 21, 1990) ........................ 6, 7

*Noonan v. Cunard S.S. Co.*, 375 F.2d 69 (2d Cir. 1967) ....................................................... *passim*

*Ojeda v. Viacom Inc.*, No. 13-5658 (S.D.N.Y.) ........................................................................ 9, 10

*Palmer v. Angelica Healthcare Servs. Grp.*, 170 F.R.D. 88 (N.D.N.Y. 1997) .............................. 10

*Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63 (2d Cir. 1998) ............................................. 8

*Reich v. Great Lakes Collection Bureau*, 176 F.R.D. 81 (W.D.N.Y. 1997) ................................ 12

*Reliance Elec. Co. v. Exxon Capital Corp.*, 932 F. Supp. 101 (S.D.N.Y. 1996) .................... 11, 12

*Rosen v. Dick*, 639 F.2d 82 (2d Cir. 1980) ............................................................................. 7, 15

*Sandoval v. Galaxy Gen. Contracting Corp. et al.*, No. 10 Civ. 5771 (S.D.N.Y.) ....................... 11

*Saviano v. Local 32B-32J, SEIU*, 75 F. App'x. 58 (2d Cir. 2003) ................................................ 7

*Sea Carriers Corp. v. Empire Programs, Inc.*,
  No. 04 Civ. 7395, 2007 U.S. Dist. LEXIS 7812 (S.D.N.Y. Jan. 26, 2007) ............................... 6

*Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.*,
  No. 02 Civ. 2692, 2007 U.S. Dist. Lexis 35851 (E.D.N.Y. May 16, 2007) ............................... 7

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) ........................................................ 15

*Tanvir v. LaPorte*, 169 F.R.D. 292 (S.D.N.Y. 1996) .................................................................. 12

*Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338 (2d Cir. 2007) ............................ 5, 7

**Statutes**

Fed. R. Civ. P. 6(b) ............................................................................................................. 1, 2, 8, 11

Fed. R. Civ. P. 38(b) ............................................................................................................ 3, 4, 10, 14

Fed. R. Civ. P. 39(b) ................................................................................................................. *passim*

Fed. R. Civ. P. 81 ............................................................................................................................ 6

**PRELIMINARY STATEMENT**

Defendants Warner Music Group Corp. and Atlantic Recording Corporation (collectively, "Defendants") submit this Memorandum of Law in opposition to the motion by Plaintiff Kyle Grant ("Grant" or "Plaintiff"), pursuant to Fed. R. Civ. P. 39(b) and 6(b), seeking relief from his affirmative waiver of a jury trial in this matter. Plaintiff is not entitled to the relief he seeks.

First, Plaintiff has misstated the applicable standard. The "broad discretion" that Plaintiff claims the Court possesses is available only in instances in which a matter has been removed from state court and counsel unwittingly failed to make a timely jury demand. In cases such as this one, by contrast, where Plaintiff has chosen to initiate his claim in federal court, relief from a jury demand waiver is available only where Plaintiff can demonstrate good cause beyond "mere inadvertence" (*see* Point 1, *infra*). The record here precludes Plaintiff from satisfying this heightened standard, and, in fact, Plaintiff has made *no effort* to argue that he has satisfied this burden, because he cannot.

Second, Plaintiff's waiver was a considered and affirmative act by his counsel in connection with the submission of the parties' joint Civil Case Management Plan and Scheduling Order (the "CMP") (*see* Point 2(A), *infra*). Even if the more relaxed standard that Plaintiff advocates was actually available to him, he would still fail to meet that standard (*see* Point 2(B), *infra*).

Finally, the fact that the parties have agreed to consolidate this action with the action captioned *Henry v. Warner Music Group et al.*, solely for the limited purpose of discovery, is of no consequence: the parties have *not* agreed to consolidate these matters for all purposes, and they have expressly reserved decision on the issue of whether to consolidate the matters for trial

(*see* Point 3(A), *infra*). What's more, in *Henry* too, the plaintiff has failed to file a written demand for a jury trial and has therefore also waived his right to a jury trial because the limited discretion afforded courts to relieve a party of such a waiver in removed cases is inapplicable in the context of the *Henry* action (*see* Point 3(B), *infra*). Plaintiff identifies no new issues attendant to the consolidation of this action with *Henry* for limited purposes that would give Plaintiff the proverbial second bite of the apple with regard to a jury demand – because there are none (*see* Point 3(C), *infra*). Consequently, Plaintiff's motion must be denied under both Rule 39(b) and Rule 6(b).

## PROCEDURAL HISTORY

A.  *Grant v. Warner Music Group et al.*

Plaintiff initiated this purported collective action under the Fair Labor Standards Act ("FLSA") by filing a Complaint (without jury demand) in this Court on June 27, 2013 (Docket No. 1). The Complaint alleges that Plaintiff, a former intern, should have been paid wages under the FLSA. On November 26, 2013, after the parties had engaged in an unsuccessful mediation, Plaintiff's counsel sent to counsel for Defendants a proposed draft of the Civil Case Management Plan and Scheduling Order (the "CMP"), which included the statement that "This case is not to be tried to a jury." (Declaration of Lyle S. Zuckerman ("Zuckerman Dec.") ¶ 2.) After certain revisions had been made to the CMP (none of which concerned the waiver of a jury trial), Plaintiff's counsel filed on behalf of both Plaintiff and Defendants a letter annexing a proposed Civil Case Management Plan and Scheduling Order on December 2, 2013 (Docket No. 20 and Attachment 1 thereto). The CMP filed with the Court, which was drafted by Plaintiff's counsel, contained the representation that "This case is not to be tried to a jury" (*id.*), memorializing Plaintiff's first waiver of the right to have this case tried by a jury.

On December 5, 2013, at a status conference held before the Court, Plaintiff's counsel stated that the jury trial waiver set forth in the CMP had been inadvertent.

On December 23, 2013, Defendants filed an Answer to the Complaint (Docket No. 22). This filing, as the final pleading, started the fourteen-day clock on Plaintiff's deadline to serve a written jury demand under Rule 38(b), which he did not do.  Even if, as counsel for Plaintiff claimed at the December 5, 2013 status conference, the waiver set forth in the CMP had been inadvertent, Plaintiff *again* waived his right to a jury trial by failing to serve written demand within fourteen days of service of the Answer.

Not until January 28, 2014 – almost two months after Plaintiff filed the CMP and more than one month after Defendants filed the Answer – did Plaintiff file a letter requesting a pre-motion conference because he sought to amend the CMP to include a demand for a jury trial. (Docket No. 24.)  The letter falsely asserted that Plaintiff was unaware until January 23, 2014 that the CMP did not contain a jury demand.  In fact, Plaintiff's counsel acknowledged that Plaintiff had failed to request a jury trial at the December 5, 2013 status conference.

On April 24, 2014, Plaintiff served a Memorandum of Law in support of his motion to be excused from the effects of his waiver of a jury trial (the "Moving MOL"), pursuant to a briefing schedule set by the Court and counsel for the parties at a status conference held on April 10, 2014.  Plaintiff concedes, as he must, that he waived his right to a jury trial ("In the instant matter, Plaintiffs do not dispute that they did not serve a timely jury demand pursuant to FRCP 38(b), which would have been due on January 6, 2014"); but he argues that the Court should relieve him of the effects of that waiver[1] (Moving MOL at 2).  Plaintiff offers no explanation

---

[1] Rule 39(a)(1) states that the right to a jury trial is waived where "the parties or their attorneys file a stipulation to a nonjury trial."  Here, by filing the CMP, Plaintiff entered into such a stipulation explicitly waiving the right to a jury trial.  The fact that the Court did not enter or

3

whatsoever in the Moving MOL for his failure to demand a jury trial in a timely manner (and for his explicit statement in the CMP that this case was *not* to be tried to a jury), and accordingly, the Court should not exercise its discretion to relieve Plaintiff of the consequences of his considered and deliberate choice.

**B.**     *Henry v. Warner Music Group et al.*

On June 17, 2013 (ten days before this action was commenced), counsel for Plaintiff filed a purported class action under the New York State Labor Law ("NYLL") in New York State Supreme Court on behalf of Justin Henry ("Henry"). The Complaint alleges that Henry, who allegedly interned for Defendants from October 2007 to May 2008, should have been paid wages under the NYLL. The Complaint does not contain a jury demand.

On July 19, 2013, Defendants removed the *Henry* action to this Court under the Class Action Fairness Act (No. 13 Civ. 5031, Docket No. 1). On March 24, 2014, this Court entered a Memorandum Opinion & Order denying Henry's subsequent motion to remand the matter to state court, noting that "[t]he *Grant* Complaint, like the Complaint here, is brought on behalf of 'similarly situated individuals' who allege that Defendants misclassified them as unpaid interns, and failed to pay them in compliance with the minimum wage and overtime pay requirements." (Docket No. 16, at 14.)

Defendants filed their Answer to the *Henry* Complaint on April 7, 2014 (Docket No. 17), thereby triggering the fourteen-day period within which Henry could serve a written jury demand under Rule 38(b). He failed to do so, and accordingly, the plaintiff in the *Henry* action has waived the right to demand a jury trial.

---

approve the CMP is of no moment in the face of the parties' joint representation in the CMP, which was filed by Plaintiff's counsel on December 2, 2013, that "this case is not to be tried to a jury." (Docket No. 20 and Attachment 1 thereto.) Plaintiff cannot credibly argue that his filing of the CMP (which was prepared by his counsel) was anything short of a binding waiver.

# ARGUMENT

## POINT ONE

### THE COURT'S VERY LIMITED DISCRETION DOES NOT PERMIT IT TO RELIEVE PLAINTIFF OF THE EFFECTS OF HIS WAIVER

Fed. R. Civ. P. 39(b) states unambiguously that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court." That rule applies squarely here. The CMP, which was drafted and filed with the Court by Plaintiff's counsel, said expressly that "[t]his case is not to be tried to a jury" (Docket No. 20 and Attachment 1 thereto).

Rule 39(b) does offer an exception to the general rule set forth above: a federal district court "may, on motion, order a jury trial on any issue for which a jury trial might have been demanded." However, while the Rule itself is silent as to the standard which a party must satisfy in order to avoid the effects of a waiver, Plaintiff himself concedes that the governing standard within this Circuit was set forth by Judge Friendly in *Noonan v. Cunard S.S. Co.*, 375 F.2d 69 (2d Cir. 1967) (Moving MOL at 6). Specifically, the Second Circuit held as follows:

> Defendant has cited eighteen reported decisions by district courts within this circuit to the effect that mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b), and plaintiff apparently has found none to the contrary either here or elsewhere. The effect of such a continued and consistent course of decision is to narrow the allowable scope of discretion; the area open to the judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief.

*Noonan*, 375 F.2d at 70 (emphasis in original). The *Noonan* standard has since been reaffirmed numerous times. *See, e.g., Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 356–57 (2d Cir. 2007) (cited in Moving MOL at 3; affirming denial of request for exercise of discretion under Rule 39(b) because "some cause beyond mere inadvertence must be shown to permit granting an untimely demand"); *Sea Carriers Corp. v. Empire Programs, Inc.*, No. 04 Civ. 7395,

5

2007 U.S. Dist. LEXIS 7812 at *6-7 (S.D.N.Y. Jan. 26, 2007) (denying Rule 39(b) motion because "the Second Circuit applies the strict, rigorous test of *Noonan*").

Plaintiff nevertheless contends that he is entitled to the more relaxed standard of "broad discretion" set forth in *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir. 1983) (Moving MOL at 3). However, the *Cascone* standard is strictly limited to cases that, unlike this case, originated in state court and were subsequently removed. *Id.* at 391–93 (relying upon Fed. R. Civ. P. 81, which governs removed actions). It is thus wholly inapplicable to this matter, and review of the cases from within this Circuit[2] that Plaintiff relies upon in support of his contention confirms that they originated in state court. *See, e.g., Gold & Rosenblatt, LLC v. JPMorgan Chase Bank, N.A.*, 12 Civ. 192, 2012 U.S. Dist. LEXIS 65192 (S.D.N.Y. May 8, 2012); *Liriano v. Hobart Corp.*, 162 F.R.D. 453 (S.D.N.Y. 1995); *Landau v. Nat'l R. Passenger Corp.*, 97 F.R.D. 723 (S.D.N.Y. 1983); *Morrison v. Crown Equip. Corp.*, No. 89 Civ. 1858, 1990 U.S. Dist. LEXIS 18482 (E.D.N.Y. Nov. 21, 1990); *Hoag v. Cellco P'ship*, 05 Civ. 1185, 2007 WL 549738 (D. Conn. Feb. 16, 2007). Indeed, it would make no sense to apply the *Cascone* standard to Plaintiff, as that standard is intended to protect parties represented by unwary state court practitioners who fail to make a timely jury demand, and not those whose counsel, like Plaintiff's counsel here, are experienced federal practitioners and who affirmatively waived a jury trial. *See generally Cascone*, 702 F.2d 389.

---

[2] Plaintiff also cites to a number of decisions from outside this Circuit. *See* Moving MOL at 3 (*Britt v. Knight Publishing Co.*, 42 F.R.D. 593 (D.S.C. 1967), *Mississippi v. Hurst*, 41 F.R.D. 186 (N.D. Miss. 1966)), 4 (*Algarin-Torres v. Univ. of Puerto Rico*, 126 F.R.D. 8 (D.P.R. 1989)) and 5 (*Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir. 1979)). Given the Second Circuit's clear and consistent guidance on this issue, there is no reason for this Court to consider case law from outside of the Circuit, and Plaintiff provides this Court with no basis to adopt a precedent that directly conflicts with the binding precedential authority in this Circuit.

In fact, the cases in this Circuit that Plaintiff cites actually affirm the application of the stringent *Noonan* standard to cases such as this one, where the plaintiff has chosen to initiate his claims in federal court. *See Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.*, No. 02 Civ. 2692, 2007 U.S. Dist. Lexis 35851 (E.D.N.Y. May 16, 2007) (denying plaintiff's untimely motion for jury trial upon a finding, in part, that, "Plaintiff has not shown that the failure to make a timely jury demand was the result of more than mere inadvertence"); *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338 (2d Cir. 2007) ("Here, the Village admits that it neglected to demand a jury in June 2003. Accordingly, it was not an abuse of discretion for the district court to deny the Village's 2004 request for a favorable exercise of its discretion under Rule 39(b)."); *Saviano v. Local 32B-32J, SEIU*, 75 F. App'x. 58 (2d Cir. 2003) ("While Fed. R. Civ. P. 39(b) allows a court to order a jury trial despite an untimely demand if the plaintiff shows that the untimeliness was due to something beyond mere inadvertence, Saviano has made no such showing"); *Rosen v. Dick*, 639 F.2d 82 (2d Cir. 1980) (finding that defendant had waived right to jury trial by failing to make a timely written demand); *Liriano*, 162 F.R.D. at 455 ("It is well settled that where a party files an untimely jury demand because of 'mere inadvertence,' a court may not grant relief under Rule 39(b)"); *Landau*, 97 F.R.D. at 724 (noting the *Cascone* court's own observation that "the plaintiff who neglected to ask for a jury trial in *Noonan* had chosen to file the suit in federal court…. [i]n that setting, it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there"); *Morrison*, 1990 U.S. Dist. LEXIS 18482, at *3 (noting that "Some twenty-three years ago the Court of Appeals for the Second Circuit decided [in *Noonan*], in a case filed by plaintiff in the federal court, that the mere inadvertence of counsel for plaintiff was not an adequate basis for allowing an untimely filing of a jury trial notice under Rule 39(b)").

Plaintiff devotes the second section of the Moving MOL to arguing that "federal policy favors trial by jury" (Moving MOL at 9–11). While this may indeed be an accurate general policy statement, Plaintiff makes no attempt to connect it to the specific body of case law within this Circuit addressing Rule 39(b), much less to establish that it somehow supersedes that body of law. The *Noonan* standard indisputably applies to Plaintiff's motion and thus, the only question now before the Court is whether Plaintiff has made the requisite showing to justify the relief that he seeks. As detailed below, the Moving MOL provides this Court with no basis to reach such a conclusion, and the records in this and other cases actually preclude reaching such a conclusion.

## POINT TWO

### PLAINTIFF HAS PROVIDED THIS COURT WITH NO BASIS TO EXERCISE ITS LIMITED DISCRETION

**A.     Plaintiff's Own Affirmative Acts Preclude Granting His Motion**

Plaintiff's invocation of Rule 6(b) fares no better than his appeal to the Court's discretion under Rule 39(b). Indeed, "even under Rule 6(b)'s more liberal test, plaintiff must proffer some reason for [his] failure to file a timely demand." *Byrd v. City of New York*, 75 F. Supp. 2d 232 (S.D.N.Y. 1999), *citing Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) *and In re Paine-Webber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998) (to establish excusable neglect, a party must provide "a reasonable basis for noncompliance"). This Plaintiff cannot do. On the contrary, the procedural posture of this and other cases compels the conclusion that this untimely request seems to be based precisely on the sort of last-minute change in litigation strategy that militates *against* granting Plaintiff the relief he seeks.

Between June and September 2013, counsel for Plaintiff commenced at least five separate actions on behalf of former interns: this action, the *Henry* action, *Ojeda v. Viacom Inc.*,

8

No. 13-5658 (S.D.N.Y.), *Moreno v. Sony Corp.*, No. 13-5708 (S.D.N.Y.), and *Fraticelli v. MSG Holdings, L.P.*, No. 13-6518 (S.D.N.Y.).  None of the Complaints in those actions contained a jury demand.  On November 27, 2013, the parties in the *Ojeda* matter jointly submitted a Civil Case Management Plan and Scheduling Order containing the affirmative representation that "This case is not to be tried to a jury."  No. 13-5658, Docket # 19-1 (Zuckerman Dec. ¶ 3).  Less than one week later, on December 2, 2013, the parties in this action jointly submitted the CMP, which similarly stated affirmatively that "This case is not to be tried to a jury."  Notably, this statement was drafted by Plaintiff's counsel.  (Zuckerman Dec. ¶ 2.)  Three days after the CMP was filed, at the December 5, 2013 status conference before the Court, Plaintiff's counsel stated that the waiver of the jury trial set forth in the CMP had been inadvertent.  However, Plaintiff's counsel procrastinated for seven weeks before filing a pre-motion letter with this Court on January 28, 2014 seeking leave to amend the CMP to reflect a demand for a jury trial. According to the Moving MOL, "On January 23, 2014, Plaintiffs became aware that the [CMP] did not reflect a jury demand[.]"  The Moving MOL is silent as to how this representation can be reconciled with counsel's acknowledgment at the December 5, 2013 status conference of the fact that the CMP did not reflect a demand for a jury trial.  The Court should not indulge Plaintiff's dilatory conduct in pursuing this issue.  If Plaintiff's failure to demand a jury trial were truly the product of inadvertence (as Plaintiff's counsel claimed at the December 5 status conference), the time to address the issue was either immediately following that conference when Plaintiff's counsel mentioned it, or within fourteen days of the filing of the Answer in accordance with Rule 39(b).  Plaintiff chose neither option.

Meanwhile, in the *Ojeda* matter, on December 18, 2013, Plaintiff's counsel filed documents in support of a motion seeking leave to demand a jury trial, notwithstanding the

9

untimely nature or the request of the representation to the contrary in the Civil Case Management Plan and Scheduling Order.  No. 13-5658, Docket # 21-22 (Zuckerman Dec. ¶ 4).  On January 2, 2014, Judge Jesse M. Furman ordered the *Ojeda* plaintiffs to "show cause in writing why their demand for a jury trial has not been waived."  No. 13-5658, Docket # 23 (Zuckerman Dec. ¶ 5).  On January 16, 2014, the *Ojeda* plaintiffs filed documents in support of their motion to be granted leave to demand a jury trial (Zuckerman Dec. ¶ 6).[3]  After the matter had been fully briefed, on April 3, 2014, Judge Furman held that the plaintiffs in the *Ojeda* matter had waived their right to demand a jury trial.  The Memorandum Opinion reads in part:

> Put simply, as Plaintiffs themselves implicitly concede in their memorandum of law, they failed to make a timely request for a jury, as they did not make a jury demand within fourteen days of the answer, *see* Fed. R. Civ. P. 38(b), and affirmatively stipulated in the Case Management Plan and Scheduling Order, which was So Ordered by the Court, that the case would be tried without a jury.

No. 13-5658, Docket # 41 (Zuckerman Dec. ¶ 7).

As Plaintiff acknowledges, late jury demands "based merely on a change in the litigation strategy" are impermissible and are routinely denied (Moving MOL at 7, citing, *inter alia*, *Palmer v. Angelica Healthcare Servs. Grp.*, 170 F.R.D. 88, 90 (N.D.N.Y. 1997)).  That appears to be the case here: a review of the PACER Electronic Court Filing system indicates that Plaintiff's counsel has commenced approximately 37 collective actions under the FLSA in the Eastern and Southern Districts of New York since January 2013, only six of which, or 16%, included a jury demand on behalf of the plaintiff.  (Zuckerman Dec. ¶ 8.)  What's more, Plaintiff's counsel commenced one of the six cases in which a jury trial was demanded, *Henry v.*

---

[3] The fact that counsel was actively engaged in researching and briefing this very issue in the *Ojeda* matter further compels the conclusion that Plaintiff's seven-week period of silence on the issue in this case (from December 5, 2013 to January 28, 2014) was calculated, and not the product of mere inadvertence.

10

*Chung King Studios, NYC, Inc.*, No. 13 Civ. 4447, on behalf of Henry in the Southern District of New York on June 26, 2013 – *one day before* this action was commenced.  Indeed, in at least one action that was pending before this very Court, Plaintiff's counsel demanded a jury trial in the Complaint and in the Case Management Plan and Scheduling Order.  *See Sandoval v. Galaxy Gen. Contracting Corp. et al.*, No. 10 Civ. 5771, Docket Nos. 1 (Complaint) and 24 (Civil Case Management Plan and Scheduling Order) (Zuckerman Dec. ¶ 9).  Unquestionably then, Plaintiff's counsel knows how and when to demand a jury trial, and picks and chooses in a deliberate manner when to do so.  Plaintiff's affirmative election *not* to demand a jury trial at the outset of this action (or within fourteen days of Defendants' filing of the Answer) cannot be attributed to anything other than a reasoned tactical decision on the part of Plaintiff's counsel.

In light of Plaintiff's counsel's prior affirmative acts, it is difficult to read the current motion as anything other than a change in litigation strategy, which does not entitle Plaintiff to relief from that strategic election under either Rule 39(b) or Rule 6(b).  Certainly, Plaintiff has offered *nothing* to satisfy the requirement that his failure to timely demand a jury trial was due to something *more* than mere inadvertence.

**B.**     **The *Higgins* Factors Are Not Applicable, Nor Could Plaintiff Satisfy Them**

Plaintiff argues that this Court should apply the so-called "*Higgins* factors"[4] to his motion to amend, citing *Reliance Elec. Co. v. Exxon Capital Corp.*, 932 F. Supp. 101, 103 (S.D.N.Y. 1996) (Moving MOL at 3).  These factors are as follows: (1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried before a jury.  *Id.*  However, as *Reliance* makes clear,

---

[4] The factors originated, although they were not enumerated, in *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975), an action removed from state court.

11

the three *Higgins* factors are relevant considerations in overcoming a plaintiff's inadvertent failure to make a jury demand only where the action at issue was originally commenced in a state court. *See Reliance*, 932 F. Supp. at 103–04 ("Although mere inadvertence is usually not an adequate basis for allowing an untimely filing of a jury trial demand . . . the decisional law following *Cascone* establishes that there is more flexibility where an action is removed to federal court") (citing *Noonan* for the first proposition).[5] That is not the case here, because Plaintiff chose to commence this action in this Court.

Even if the *Higgins* factors were relevant, Plaintiff fails to establish that any of the three would weigh in his favor. He asserts that "actions brought pursuant to the Fair Labor Standards Act are routinely tried by a jury" (Moving MOL at 4), yet, in two of the three cases from this Circuit that he cites, the plaintiffs did not even assert claims under the FLSA. *Dominic v. Consol. Edison Co.*, 822 F.2d 1249 (2d Cir. 1987) (asserting claims under the Age Discrimination in Employment Act ("ADEA")); *Koyen v. Consol. Edison Co.*, 560 F. Supp. 1161 (S.D.N.Y. 1983) (asserting ADEA claim). In the third, *Reich v. Great Lakes Collection Bureau*, 176 F.R.D. 81 (W.D.N.Y. 1997), the defendant demanded a jury in an FLSA suit commenced by the Department of Labor. None of these cases supports the general proposition that FLSA

---

[5] In *Tanvir v. LaPorte*, 169 F.R.D. 292 (S.D.N.Y. 1996), cited by Plaintiff solely for the purpose of setting forth the factors to be considered on a Rule 39(b) motion (see Moving MOL at 3), the plaintiff demanded a jury trial in the Complaint – in marked contrast to Plaintiff's conduct in this action. The issue before the *Tanvir* court was whether the plaintiff, through conduct subsequent to a timely demand, had waived the right to a jury trial (the court found that the plaintiff's conduct did *not* constitute a "clear and unequivocal" waiver because, unlike here, there was "no clear evidence of a fully consummated agreement to waive a jury trial," *id.* at 294). Accordingly, the *Tanvir* court found Rule 39(a), which addresses jury waivers *after* a timely demand is made, to be dispositive of the motion, and so addressed Rule 39(b) only in dictum. *See Casa Editrice Bonechi, S.R.L. v. Irving Weisdorf & Co.*, No. 95 Civ. 4008, 1998 U.S. Dist. LEXIS 9269, *3-4 (S.D.N.Y. June 24, 1998) (addressing this distinguishing factor and denying movant's application to be relieved from waiver of jury trial).

12

collective actions are "routinely tried by jury," nor has the undersigned counsel located any case law tending to support Plaintiff's contention.

And in fact, Plaintiff's counsel routinely *declines* to demand a jury trial in such cases, including in 84% of the approximately 37 FLSA collective actions Plaintiff's counsel has filed in federal court in the Southern and Eastern Districts of New York since January 1, 2013.  *See* Point 2(A), *supra*.  Plaintiff similarly fails to justify his bare assertion that the remaining two factors—reliance on expectations and undue prejudice to Defendants—also favor granting his motion. Defendants have *not* proceeded under the assumption that this case would be tried to a jury, and on the contrary they anticipate a bench trial – in accordance with counsel's explicit representation in the CMP that Plaintiff was waiving his right to a jury trial.  Consequently, even if the three *Higgins* factors were applicable, Plaintiff would have provided the Court with no basis to conclude that they favor him.

## POINT THREE

### LIMITED CONSOLIDATION OF THIS MATTER WITH THE *HENRY* ACTION DOES NOT ENTITLE PLAINTIFF TO UNDO HIS WAIVER

Plaintiff baldly asserts that he may demand a jury trial because the pleadings must be amended in light of the fact that "the parties have agreed to consolidate the *Henry* action with this action."  This is inaccurate in its articulation of both the nature of counsel's agreement to consolidate and the relevant body of law, both of which provide no basis for the Court to relieve Plaintiff of the effects of his waiver.

**A.**     **The Parties Have Not Agreed to Consolidate for Any Purpose Other Than Discovery**

On April 24, 2014, Plaintiff's counsel filed on behalf of all parties a letter advising the Court of the parties' decision with regard to consolidation of this matter with the *Henry* action. That letter made clear that the parties had agreed to consolidate the two actions "for discovery

13

purposes only" and that "the parties [would] advise the Court on whether they request that the *Grant* and *Henry* actions be consolidated for trial or any other purpose." Docket No. 44. Furthermore, the letter stated, "By agreeing to consolidate for purposes of discovery, Defendants do not waive any arguments with regard to the issue of whether Plaintiffs have waived the right to demand a jury trial[.]" *Id*. n.1. This accurately reflects the substance of the discussion that counsel for the parties had on April 23, 2014. (Zuckerman Dec. ¶ 10.) Accordingly, even if Henry had demanded a jury trial (which he has not, and his time to do so has expired), consolidation of these two matters for the limited purpose of discovery would have no bearing upon Plaintiff's waiver of a jury trial in this case. It is neither necessary nor appropriate to amend the pleading in either action to reflect that the parties have agreed to consolidate them for discovery purposes, nor would any such amendment entitle Plaintiff to escape his affirmative election to try this case to the Court.

**B.      Henry Did Not Demand a Jury Trial**

Defendants filed the Answer to the *Henry* Complaint on April 7, 2014 (Docket No. 17), thereby triggering the fourteen-day period within which Henry could serve a written jury demand under Rule 38(b). The deadline for such a demand expired on April 21, 2014, and the *Henry* plaintiff did not file or serve a written jury demand. While the *Cascone* standard allows courts a limited degree of discretion in granting an untimely request for a jury trial in cases removed from state court, the factors underlying that license are inapplicable here. In *Cascone*, the Second Circuit found that an exercise of discretion was appropriate to make accommodations for state court practitioners unfamiliar with federal practice. 702 F.2d at 393. Here, Plaintiff's counsel routinely files and litigates these cases in federal court (see Point 2(A), *supra*) and routinely (but not always) declines to exercise the clients' right to a jury trial in such cases. And, despite knowing Plaintiff's counsel that Plaintiff's counsel had failed to make a timely jury demand in

14

*this* action, Plaintiff's counsel let Henry's time to demand a jury trial lapse as well.  The procedural posture of this matter amply illustrates that Plaintiff's counsel has become more than sufficiently familiar with the requirements of Rules 38 and 39 to make a written jury demand in *Henry*.  It would defy logic to allow a party to make a jury demand upon consolidation of two cases in which the parties have already waived the right to a jury trial.

C.  **Consolidation Does Not Present New Issues**

There are no new issues attendant to the consolidation of this action with *Henry* for discovery purposes only that would warrant relief from the plaintiffs' waiver of a jury trial in both cases.  Both Grant and Henry have alleged that they are entitled to wages attendant to their time as interns with Defendants.  The only difference between the two actions is the fact that Henry is time-barred from participating in Grant's FLSA claim, and Henry purports to assert his NYLL claim on behalf of a class of interns (indeed, the rationale underlying consolidation of these two cases for the limited purpose of discovery is precisely because of the nearly identical nature of the plaintiffs' claims in each).  The NYLL and the FLSA "embody similar standards" with regard to wage claims (*Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003)), and there is "general support for giving FLSA and the New York Labor Law consistent interpretations" (*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010)).  As Plaintiff acknowledges, the Second Circuit has held that, to be entitled to a jury demand upon the presentation of new issues, the movant must proffer "something more than the evidence offered and the legal theories pursued."  (Moving MOL at 12, citing *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980).)  Plaintiff identifies no meaningful distinction between his case and Henry's that would warrant the relief sought here, nor could he.  Accordingly, consolidation of the two cases for the limited purpose of discovery is insufficient to undo Plaintiff's waiver of his right to a jury trial.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to be relieved from his waiver of a jury trial should be denied with prejudice.

Dated:  May 1, 2014                                         VEDDER PRICE P.C.

                                                            By:   s/
                                                                Laura Sack
                                                                Lyle S. Zuckerman
                                                                Michael Goettig
                                                                1633 Broadway
                                                                47th Floor
                                                                New York, New York  10019
                                                                T:  +1 (212) 407-7700