**VEDDERPRICE**

1633 BROADWAY
47TH FLOOR
NEW YORK, NEW YORK 10019
T: +1 (212) 407-7700
F: +1 (212) 407-7799

MICHAEL GOETTIG
+1 (212) 407-7781
mgoettig@vedderprice.com

CHICAGO • NEW YORK • WASHINGTON, D.C.
LONDON • SAN FRANCISCO • LOS ANGELES

May 28, 2014

<u>VIA ECF</u>

Hon. Paul G. Gardephe
United States District Judge
U.S. District Court, Southern District of New York
40 Foley Square, Courtroom 705
New York, New York 10007

      Re:    **Grant v. Warner Music Group Corp., et al/ Case No. 13 CIV 4449**

Your Honor:

      We represent the defendants Warner Music Group Corp. and Atlantic Recording Corporation ("Defendants"). Pursuant to the Court's May 13, 2014 Order, granting the motion of plaintiff Kyle Grant ("Plaintiff") for court-authorized notice under the Fair Labor Standards Act ("FLSA"), the parties have been engaged in negotiations concerning the form and transmission of such notice. While the parties have reached agreement as to most issues, we write to present to the Court those limited issues on which the parties respectfully seek the Court's intervention. Please find attached hereto the Defendants' proposed notice (Exhibit A) and order (Exhibit B).

**<u>The Court Should Authorize Notice to be Sent to Persons who were Interns from May 13, 2011 to the Present</u>**

      Plaintiff proposes to send notice of the pendency of this lawsuit to "[a]ll persons who interned with or through [Defendants] from June 27, 2010 to the present," which is three years from the date that the Complaint in this action was filed. However, "under the FLSA, the notice period generally should be measured from the date of the court's order granting the motion for conditional certification, not from the date that the complaint was filed." *Ritz v. Mike Rory Corp.*, No. 12 Civ. 367, 2013 WL 1799974, at *3 (E.D.N.Y. Apr. 30, 2013). *See also Romero v. Flaum Appetizing Corp.*, 2009 U.S. Dist. LEXIS 80498 (S.D.N.Y. Aug. 17, 2009) (three-year notice period "runs from the date of entry of this Order, not from the date of the commencement of the case as Plaintiffs suggest"); *Anglada v. Linens 'n Things, Inc.*, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007). In this case, the Court entered an Order granting Plaintiff's motion for court-authorized notice to go to putative opt-in plaintiffs on May 13, 2014.

**VEDDER PRICE**

Hon. Paul G. Gardephe
May 28, 2014
Page 2

Accordingly, only those individuals who were interns with Defendants from May 13, 2011 to the present should receive notice of the pendency of this action.

### The Court Should Authorize One Notice to be Sent By First Class Mail Only

Plaintiff's proposed method of delivery – by First Class Mail *and* by e-mail – is unnecessary and redundant. It has long been the practice in FLSA cases to send notices of pendency by First Class Mail alone. "Courts within this circuit typically grant requests for the production of the names and last known addresses of potential opt-in plaintiffs when granting a motion for conditional certification as a collective action." *Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011) (denying plaintiff's motion to compel production of e-mail addresses of potential opt-in plaintiffs); *see also Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 382 (E.D.N.Y. 2010) (affirming magistrate judge's decision to compel production of names and physical addresses only and denying plaintiff's application for production of e-mail addresses and other confidential information). Plaintiff has not demonstrated that sending notice by First Class Mail alone would be an inadequate method of notice – nor can he, since notice has yet to be sent to potential opt-ins' last known address, let alone been returned as undeliverable.

Defendants further object to Plaintiff's request to send a reminder by e-mail and text message of the pendency of this action following the initial notice. A reasonably diligent search of all relevant case law has failed to identify a single published opinion in which a court has authorized notice of the pendency of a lawsuit to be transmitted via SMS text message. By their very nature – limited as they are in length and content – text messages are plainly insufficient as a medium to adequately provide notice to potential opt-in plaintiffs. Furthermore, a second notice is improper because it "potentially could be interpreted as encouragement by the court to join the lawsuit." *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012), quoting, *inter alia*, *Witteman v. Wisconsin Bell, Inc.*, No. 09-CV-440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010).

### The Court Should Strike Reference to Plaintiff's Counsel's Websites

Neither the Court nor Defendants have control over what Plaintiff's counsel may choose to post on their websites. Accordingly, the Notice should not direct potential opt-in plaintiffs to those sites. *See McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400-01 (E.D.N.Y. 2011) ("While the Court is mindful that people routinely use their computers as a primary source of obtaining information, the inclusion of plaintiffs' counsel's website address is unnecessary given the fact that the Notice of Pendency clearly lists plaintiffs' counsel's names, addresses and

VEDDERPRICE.

Hon. Paul G. Gardephe
May 28, 2014
Page 3

phone numbers").[1]  This consideration is especially salient here, where Plaintiff's counsel's websites contain attorney advertising specifically geared toward unpaid interns.  *See* Exhibit C (Virginia & Ambinder LLP web page screen shot) *and* Exhibit D (Leeds Brown Law P.C. web page screen shot); *see also* Exhibit E (screen shot of web page which is a collaborative effort of Virginia & Ambinder LLP and Leeds Brown Law P.C.).  Accordingly, the Court should remove reference to counsel's websites in Section 7 of the Notice, and should omit reference to Plaintiff's counsel's websites from the order authorizing delivery.

    We thank the Court in advance for its attention to these matters.

                      Very truly yours,

                        Michael Goettig

MG
cc:    Lloyd Ambinder, Esq.

---

[1] The law firm of Virginia & Ambinder LLP represented the *McBeth* plaintiffs.