UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE GRANT, individually and on behalf of
other persons similarly situated who were
employed by WARNER MUSIC GROUP
CORP. and ATLANTIC RECORDING
CORPORATION,

                    Plaintiffs,

       - against -

WARNER MUSIC GROUP CORP., and
ATLANTIC RECORDING CORPORATION,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 11, 2014
                  12

**MEMORANDUM
OPINION & ORDER**

13 Civ. 4449 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       In this putative collective action, Plaintiff Kyle Grant claims that Defendants

Warner Music Group Corp. and Atlantic Recording Corporation have violated the Fair Labor

Standards Act (the "FLSA"), 29 U.S.C. §§ 207 and 216(b), by misclassifying current and former

interns as exempt from minimum wage and overtime requirements. (Cmplt. (Dkt. No. 1) ¶¶ 11,

32-33). Pending before the Court is Plaintiff's motion for leave to file a late jury demand. (Dkt.

No. 52) For the reasons set forth below, Plaintiff's motion will be denied.

**PROCEDURAL HISTORY**

       The Complaint in this action was filed on June 27, 2013; it contained no jury

demand. (Cmplt. (Dkt. No. 1))

       On July 19, 2013, September 19, 2013, and November 1, 2013, the parties entered

into stipulations extending Defendants' time to answer. (Dkt. Nos. 9, 13 16) During that time,

the parties pursued mediation. (See Dkt. Nos. 13, 16; Pltf. Br. (Dkt. No. 53) at 1) On November

26, 2013 – after it became clear that the mediation would not be successful – Plaintiff's counsel

sent defense counsel a draft proposed Civil Case Management Plan and Scheduling Order. (Declaration of Defense Counsel Lyle S. Zuckerman ("Zuckerman Decl.") (Dkt. No. 55) ¶ 2) The draft CMP prepared by Plaintiff's counsel stated: "This case is not to be tried to a jury." (Id., Ex. A (Dkt. No. 55-1) ¶ 2)

On December 2, 2013, Plaintiff's counsel submitted the parties' proposed CMP to the Court. (Dec. 2, 2013 Joint Ltr. (Dkt. No. 20) & Proposed CMP (Dkt. No. 20-1)) The joint proposed CMP likewise states that "[t]his case is not to be tried to a jury." (Proposed CMP (Dkt. No. 20-1) ¶ 2) The Court held an initial pre-trial conference on December 5, 2013. Although the conference was not transcribed, defense counsel acknowledges that Plaintiff's counsel stated at the conference "that the jury trial waiver set forth in the CMP had been inadvertent." (Def. Br. (Dkt. No. 54) at 3) At counsels' request, and to provide the parties with additional time to pursue settlement, the Court did not enter a CMP at that time.

On December 23, 2013, Defendants filed their Answer. (Dkt. No. 22) As discussed below, under Fed R. Civ. P. 38(b), a written jury demand must be made "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Accordingly, the deadline for Plaintiff to submit a jury demand was January 6, 2014. It is undisputed that Plaintiff did not submit a jury demand on or before January 6, 2014. (Pltf. Br. (Dkt. No. 53) at 2)

On January 28, 2014, Plaintiff filed a letter requesting leave to file a motion to amend the proposed CMP – which had not yet been entered by the Court – to include a jury

demand. (Dkt. No. 24)  The Court granted Plaintiff leave to file the motion (Dkt. No. 45), which

is now fully briefed.[1]  (Dkt. Nos. 52-57)

## DISCUSSION

### I.    LATE JURY DEMANDS UNDER FED. R. CIV. P. 39(b)

Fed. R. Civ. P. 38 provides that

[o]n any issue triable of right by a jury, a party may demand a jury trial by:  (1)
serving the other parties with a written demand – which may be included in a
pleading – a no later than 14 days after the last pleading directed to the issue is
served; . . .

Fed. R. Civ. P. 38(b).  Fed. R. Civ. P. 39(b) states that "[i]ssues on which a jury trial is not

properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial

on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  While Rule

39(b) is silent as to the scope of the district court's discretion to grant late jury demands, the

Second Circuit has stated that – where, as here, an action is originally filed in federal court – "the

area open to the judge's discretion has shrunk to determining whether the moving party's

---

[1]  On June 17, 2013 – ten days before commencing the instant action – Plaintiff's counsel filed a
purported class action –Henry v. Warner Music Group et al., No. 155527/2013 (N.Y. Sup. Ct.
June 17, 2012) – under the New York Labor Law in the Supreme Court of the State of New
York, New York County.  In Henry, the named plaintiff alleges that he interned for Defendants
from October 2007 to May 2008 and should have been paid wages in accordance with the Labor
Law.  The Henry complaint likewise does not include a jury demand.

On July 19, 2013, Defendants removed Henry to this Court under the Class Action Fairness Act.
(Henry v. Warner Music Group et al., 13 Civ. 5031 (PGG), Notice of Removal (Dkt. No. 1))  On
March 24, 2014, this Court denied Henry's remand motion.  (Henry, Mar. 24, 2014
Memorandum Opinion & Order (Dkt. No. 16) at 14)

On April 7, 2014, the defendants in Henry filed their Answer.  (Henry, Answer (Dkt. No. 17))
Henry did not serve a jury demand within the fourteen-day period set forth in Fed. R. Civ. P.
Rule 38(b).

On April 24, 2014, the parties in Grant and Henry agreed to consolidate the two actions for
discovery purposes only.  (Grant, Apr. 24, 2014 Joint Ltr. (Dkt. No. 44) at 1)

showing beyond mere inadvertence is sufficient to justify relief." Noonan v. Cunard S.S. Co.,
375 F.2d 69, 70 (2d Cir. 1967) (Friendly, C.J.); Westchester Day Sch. v. Vill. of Mamaroneck,
504 F.3d 338, 356-57 (2d Cir. 2007) ("'[D]espite the discretionary language of Rule 39(b) some
cause beyond mere inadvertence must be shown to permit granting an untimely demand.'"
(quoting Higgins v. Boeing Co., 526 F.2d 1004, 1006 n.2 (2d Cir. 1975) (per curiam))); see also
New Generation Produce Corp. v. New York Supermarket, Inc., 2014 WL 1271156, at *3
(E.D.N.Y. March 26, 2014) ("the Noonan standard applies [to cases] . . . originating in federal
court" (internal citation omitted)).[2]  The logic of Noonan and its progeny is that where a plaintiff
files suit in federal court, "it would not seem too exacting to expect that, having selected the
forum, the plaintiff should be familiar with and abide by the procedures followed there."
Cascone v. Ortho Pharm. Co., 702 F.2d 389, 392 (2d Cir. 1983).

Given that Plaintiff filed this action in federal court, the Noonan standard applies.
New Generation Produce, 2014 WL 1271156, at *3.  Plaintiff must therefore make a "showing
beyond mere inadvertence" to prevail under Rule 39(b).  Noonan, 375 F.2d at 70.

Plaintiff has not even attempted to make such a showing.  Instead, he merely
argues that this Court should disregard Noonan and apply the more relaxed standard of Cascone.
(Pltf. Br. (Dkt. No. 53) at 7)  The Second Circuit has clearly and repeatedly stated, however, that
– outside of the removal context – a late jury demand must be supported by something more than

---

[2] Trial courts have broader discretion where an action has been removed to Federal court. See,
e.g., Cascone v. Ortho Pharm. Co., 702 F.2d 389, 392 (2d Cir. 1983) ("Although we may not
overlook lack of compliance with the federal procedural rules in removed cases, there is
nonetheless some 'play in the joints' for accommodating a removed party who may not be as at
ease in the new surroundings imposed upon him."); Reliance Elec. Co. v. Exxon Capital Corp.,
932 F. Supp. 101, 103 (S.D.N.Y. 1996) ("Although mere inadvertence is usually not an adequate
basis for allowing an untimely filing of a jury demand, the decisional law following Cascone
establishes that there is more flexibility where an action is removed to federal court." (internal
citation omitted)).

a claim of "mere inadvertence." This Court is not free to disregard those decisions. See Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 488 (2d Cir. 2011) (district courts are "'bound by the decisions of [Second Circuit] panels until such time as they are overruled either by an en banc panel of [the Second Circuit] or by the Supreme Court'" (quoting United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir. 2004))). Here, the record shows that Plaintiff did not include a jury demand in his Complaint, did not demand a jury within fourteen days of Defendants' filing of their Answer, and submitted a proposed CMP on behalf of both sides stating that "[t]his case is not be tried to a jury." (Cmplt. (Dkt. No. 1); Proposed CMP (Dkt. No. 20-1) ¶ 2)  Because Plaintiff has not met the Noonan standard, his request for relief under Rule 39(b) must be denied. Noonan, 375 F.2d at 70; see also Raymond v. IBM Corp., 148 F.3d 63, 66-67 (2d Cir. 1998) ("[I]nsofar as plaintiff offers no explanation beyond mere inadvertence for his failure to timely serve the jury demand, the district court erred under Noonan in granting plaintiff's Rule 39(b) motion.").

## II.   **LATE JURY DEMANDS UNDER FED. R. CIV. P. 6(b)**

Plaintiff argues that – even if his failure to file a jury demand was the product of mere inadvertence – Fed. R. Civ. P. 6(b) provides an alternative basis for granting his tardy request for a jury trial. (Pltf. Br. (Dkt. No. 53) at 13)

Fed. R. Civ. P. 6(b) provides, in relevant part,

(b) Extending Time.

    (1) In General.  When an act may or must be done within a specified time, the court may, for good cause, extend the time:

        (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act
because of excusable neglect. . . .

Fed. R. Civ. P. 6(b).

In <u>Raymond v. International Business Machines Corp.</u>, the complaint filed in

court was accompanied by a jury demand, but plaintiff – in violation of Rule 38(b)(1) –

inadvertently failed to serve the jury demand on defendant with a copy of the complaint.

<u>Raymond</u>, 148 F.3d at 64-65. In holding that the district court had not abused its discretion in

granting plaintiff's application to file a late jury demand under Rule 6(b), the Second Circuit

stated that "the plain text of Rule 6(b)(2) suggests that the rule is meant to apply to the time

constraint imposed by Rule 38(b). . . . [T]he district court acted well within its discretion under

Rule 6(b)(2) in granting plaintiff leave to serve a jury demand out of time." <u>Id</u>. at 66-67.

In making this determination, the <u>Raymond</u> court quoted the following language

from the Supreme Court's decision in <u>Pioneer Investment Servs. Co. v. Brunswick Associates,

Ltd.</u>, 507 U.S. 380, 392 (1993):

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not
> usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b)
> is a somewhat "elastic concept" and is not limited strictly to omissions caused by
> circumstances beyond the control of the movant.

<u>Id</u>. at 66 (quoting <u>Pioneer</u>, 507 U.S. at 392). The <u>Raymond</u> court went on to state that "the

requirement in <u>Noonan</u> of showing 'beyond mere inadvertence' should not be construed to

preclude a district court from granting a Rule 6(b)(2) motion in appropriate circumstances," and

that "mere inadvertence, without more, <u>can</u> in some circumstances be enough to constitute

'excusable neglect' justifying relief under Rule 6(b)(2)." <u>Id</u>. at 66 (emphasis in original). "The

inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable

neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding

6

the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith. Id. (quoting Pioneer, 507 U.S. at 395).

"[E]ven under Rule 6(b)'s more liberal test, [however,] plaintiff must proffer some reason for her failure to file a timely demand." Byrd v. City of New York, 75 F. Supp. 2d 232, 234 (S.D.N.Y. 1999) (citing Raymond, 148 F.3d at 66 and In re Paine-Webber Ltd. P'ships Litig., 147 F.3d 132, 135 (2d Cir. 1998) ("To establish excusable neglect . . . a movant must show good faith and a reasonable basis for noncompliance.")). That conclusion comports with the text of Rule 6(b), which permits a court to extend a deadline "for good cause." Fed. R. Civ. P. 6(b).

Here, Plaintiff has offered "no reason whatsoever" for his failure to file a timely jury demand, much less good cause for extending the applicable deadline. Byrd, 75 F. Supp. 2d at 234. Moreover, unlike in Raymond, there is no evidence that Plaintiff intended to demand a jury when the Complaint was filed. The failure to make a jury demand can likewise not be attributed to a lack of experience with the Federal Rules. Plaintiff's counsel specializes in wage and hour cases and has filed countless FLSA actions in federal court. The firm is well aware of the obligation to make a written jury demand and the time period for doing so. Here, Plaintiff's counsel chose not to make a jury demand in either Grant or Henry and chose not to file such a demand after Defendants' answers in these two actions were filed. The notion that in both of these high-profile actions counsel accidentally omitted the customary jury demand is implausible.

Instead of offering an explanation for the omission, Plaintiff argues that Defendants would suffer no prejudice should this Court grant Plaintiff's motion to file a late jury demand. (See, e.g., Pltf Br. (Dkt. No. 53) at 5-9; Pltf. Reply Br. (Dkt. No. 56) at 2-5)  While it is

7

true that Defendants have shown no prejudice, prejudice to a defendant is only one factor the

Court must consider in deciding whether it is equitable to grant Plaintiff's late jury demand

under Fed. R. Civ. 6(b). Plaintiff must, as a threshold matter, offer some explanation for why he

did not comply with the rules in the first instance. To rule otherwise would permit Rule 6(b) to

render Rule 39(b) a nullity.

    The cases that Plaintiff relies on in support of his motion are not on point. Nearly

all of these cases involve removed actions. See Gold & Rosenblatt, LLC v. JP Morgan Chase

Bank, N.A., 12 CIV. 00192 AJN, 2012 WL 1624032, at *1 (S.D.N.Y. May 8, 2012) (permitting

late jury demand where Plaintiff's counsel "believed [the case] was subject to remand due to lack

of subject matter jurisdiction, and did not learn that subject matter jurisdiction likely existed until

. . . after the deadline to serve a jury demand"); Rupolo v. Oshkosh Truck Corp., 749 F. Supp. 2d

31, 46 (E.D.N.Y. 2010) (permitting late jury demand in removed case where "plaintiffs' counsel

state[d] that 'over ninety-nine percent of [his] practice has been in the New York State Court

System' and that he 'was totally unfamiliar with the [federal] rules concerning the time to file a

jury demand'"); Perelman ex rel. Perelman v. Camp Androscoggin Jr.-Sr., Inc., No. 06 Civ.

13020(WCC), 2008 WL 199475, at *4 (S.D.N.Y. Jan. 22, 2008) (permitting late jury demand in

removed action); Hoag v. Cellco P'ship, CIVA 3:05CV1185 SRU, 2007 WL 549738, at *1 (D.

Conn. Feb. 16, 2007) (in removed case, excusing late jury demand under Rule 39(b) and 6(b)

"because: (1) This is a removed case; (2) Counsel is unfamiliar with federal court procedure; (3)

The merits of this case are typically tried before a jury; and (4) Even if the parties did not assume

the case would be tried by a jury, there is no prejudice in ordering a jury trial at this stage, since

we have not even set a trial date"); CPH Int'l, Inc. v. Phoenix Assur. Co. of New York, 92 CIV.

2729 (SS), 1993 WL 485356, at *2 (S.D.N.Y. Nov. 24, 1993) (permitting late jury demand

8

where "defendant removed the action to federal court and plaintiff's counsel misunderstood the proper means for demanding a jury in this forum which she did not select"). As noted above, however, it is well settled that in removed cases "greater leniency is accorded so as to take account of the vagaries of state practice and the unfamiliarity of many state court practitioners with federal practice." Avne Sys., Ltd. v. Marketsource Corp., 191 F.R.D. 56, 57 (S.D.N.Y. 2000) (footnote and citations omitted). Because Plaintiff's counsel filed this action in federal court and is highly experienced in litigating FLSA actions in federal court, the logic underlying the rulings in removed actions does not apply here.

Ptaszek v. YMCA Ret. Fund, 02CIV.9835KMWDF, 2004 WL 1900332 (S.D.N.Y. Aug. 24, 2004), also cited by Plaintiff, does not assist his cause. There, the court granted a late jury demand under Rule 6(b)(2) because plaintiff "provided a sworn affidavit attesting to the fact that she has had little experience with the legal system, has never been involved in litigation, and, as a pro se litigant, was unaware of the need to demand a jury within ten days of filing her Complaint." Id. at *3. Here, in contrast, Plaintiff's counsel is highly experienced in federal litigation. Indeed, between June and September 2013, Plaintiff's counsel filed four separate cases in this District on behalf of former interns in addition to the instant action. See Henry v. Warner Music Group et al., 13 Civ. 5031 (PGG); Ojeda v. Viacom Inc., 13 Civ. 5658 (JMF); Moreno v. Sony Corp., 13 Civ. 5708 (GBD); Fraticelli v. MSG Holdings, L.P., 13 Civ. 6518 (JMF).

Guangdong Foodstuffs Imp. & Exp. (Grp.) Corp. v. Yang Shing Trading Co., 04-CV-4746, 2007 WL 2769498 (E.D.N.Y. Sept. 21, 2007), also cited by Plaintiff, does not require a contrary result. In that case, the district court permitted the defendants/third-party plaintiffs' late jury demand under Rule 6(b) even though "nearly two years elapsed between the date [they]

9

should have made their jury demand and the date they asked the Court for permission to do so."
Guangdong, 2007 WL 2769498, at *2. Although the court noted that Fed. R. Civ. P. 6(b) "gives
courts discretion to accept an untimely demand if the delay was the result of excusable neglect,"
it did not discuss the reasons behind the defendants/third-party plaintiffs' delay in demanding a
jury. The court also commented that "the central issue in this case – whether consumers were
duped into buying counterfeit [goods] – is better left to a jury consisting of multiple members of
the consuming public rather than a single judge." Id.

        In light of the plain language of Rule 6(b) and contrary authority in this Circuit,
this Court does not find Guangdong persuasive here. Given that Plaintiff is represented by a
highly experienced federal practitioner who filed this action in federal court, he is required to
provide some explanation for why he did not comply with the time limits of the Federal Rules of
Civil Procedure. Because he has not done so, his request to file a late jury demand pursuant to
Fed. R. Civ. 6(b) will be denied.

**III.    CONSOLIDATION**

        Plaintiff argues, in the alternative, that he is entitled to demand a jury trial because
"the parties have agreed to consolidate the Henry action with th[is] action." (Pltf. Br. (Dkt. No.
53) at 11) The proposed consolidation has no bearing on the jury demand issue, however. The
parties in Grant and Henry agreed to consolidate the two actions for discovery purposes only.
(Grant, Apr. 24, 2014 Joint Ltr. (Dkt. No. 44) at 1) Moreover, the plaintiff in Henry likewise did
not demand a jury within the time period set forth in Fed. R. Civ. P. 38(b). Accordingly, the
limited consolidation agreed to by the parties in Grant and Henry does not support Grant's
argument that his motion to file a late jury demand should be granted.

10

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion for leave to file a late jury demand

is denied.  The Clerk of the Court is directed to terminate the motion (Dkt. No. 52).

Dated: New York, New York
   September 11, 2014

SO ORDERED.

Paul G. Gardephe
United States District Judge

11